Dawn M. Maguire-Bayne, State Bar #20368
Michael A. Jones, State Bar #27311
**ALLEN, SALA & BAYNE, PLC**
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Ofc: (602) 256-6000
Fax: (602) 252-4712
Email: dbayne@asbazlaw.com
mjones@asbazlaw.com

Attorneys for Constantino Flores, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| In re: | Chapter 7 |
|---|---|
| HAMMERHEAD DEVELOPMENT, LLC; KUKIO LOT #29 BUILDING DEVELOPMENT, LLC,<br><br>Debtors. | Case No. 2:13-bk-07373-GBN (Consolidated)<br><br>**MOTION FOR ORDER REGARDING PROCEDURE FOR TURNOVER** |
| This Filing Applies to:<br>■ All Debtors<br>☐ Specified Debtors | |

Constantino Flores, the Chapter 7 Trustee appointed in the above-referenced case ("**Trustee**"), by and through his undersigned counsel, hereby requests that this Court enter an order allowing the Circuit Court of the Third Circuit for the State of Hawaii ("**Hawaii State Court**") to proceed in making a determination of good faith under Hawaii law regarding a pre-petition settlement agreement involving Hammerhead Development, LLC ("**Hammerhead**") and Kukio Lot #29 Building Development, LLC ("**Kukio 29**", and collectively, the "**Debtors**"). Upon the Hawaii State Court's determination of good faith in favor of the pre-petition settlement agreement, the Debtors' bankruptcy estate should be entitled to receive the remaining settlement funds in the amount of $150,000. Additionally, the Trustee requests that this Court enter an order directing that the settlement funds be paid directly to the Trustee, rather than through the Winget, Spadafora & Schwartzberg, LLP ("**Winget Law Firm**"), a third-party law firm associated with the settlement. This Motion is supported by the following Memorandum of

\\BFS-9000\Documents\6000\6100\6136-Flores\911-Hammerhead Development\Admin Pleadings\Good Faith Determination\Motion.doc

Case 2:13-bk-07373-GBN    Doc 57    Filed 12/06/13    Entered 12/06/13 14:32:22    Desc
Main Document    Page 1 of 8

Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL BACKGROUND

1. On May 2, 2013, Hammerhead commenced this case by filing a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Arizona, thereby commencing Case No. 2:13-bk-07373-GBN.

2. On May 2, 2013, Kukio 29 filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Arizona, thereby commencing Case No. 2:13-bk-07378-SSC.

3. On June 21, 2013, this Court entered an order consolidating the Debtors' bankruptcy cases. See Dkt. #37.

4. Constantino Flores is the duly appointed and acting Trustee in the Debtors' bankruptcy case.

5. Pursuant to both of the Debtors' Schedules, the Debtors' bankruptcy estate holds the right to remaining settlement distributions from Carlsmith Ball, LLP ("**Carlsmith**") in the amount of $150,000 ("**Remaining Settlement Funds**") for a pre-petition confidential settlement agreement ("**Settlement Agreement**") relating to Hawaii State Court litigation, Case No. 13-1-0006 ("**Hawaii Litigation**").

6. Pursuant to their Statements of Financial Affairs, each of the Debtors received $25,000 ($50,000 total) pre-bankruptcy from the original sum of $250,000 owed by Carlsmith under the Settlement Agreement.

7. Moreover, pursuant to the Statements of Financial Affairs filed in their bankruptcy cases, two other parties to the Settlement Agreement received a total of $50,000[1]. Therefore, Carlsmith has distributed $100,000 from the $250,000 owing under the Settlement

---

[1] Sego Development, LLC, Case No. 2:13-bk-07375-EPB and Kukio Lot #13 Building Development, LLC, Case No. 2:13-bk-07382-SSC, both Chapter 7 Debtors, indicate receipt of $25,000 each from the original settlement amount. Trustee Flores is filing a similar pleading in those cases.

Agreement.

8.  Carlsmith has not turned over to the Trustee the Remaining Settlement Funds owed to the Debtors under the Settlement Agreement. According to Carlsmith, for it to distribute the Remaining Settlement Funds, it must have an order from the Hawaii State Court approving the Settlement Agreement as a good faith settlement under Hawaii Act 300.

9.  At the status conference on November 25, 2013 in the Hawaii Litigation, Judge Strance requested a comfort order from the Bankruptcy Court authorizing her to determine whether the Settlement Agreement (which has been provided to the Hawaii Court) is in fact a good faith settlement.

10.  Judge Strance has set a continued hearing regarding the Settlement Agreement for January 22, 2014 at 12:30 p.m. Hawaii time.

11.  Carlsmith has also informed the Trustee that it will not release the Remaining Settlement Funds to the Trustee, but that it must transfer the money to the Winget Law Firm. According to the Debtors' Bankruptcy Schedule "F", The Winget Law Firm is a law firm located in Los Angeles, California.

12.  The Trustee understands that the parties negotiated the Settlement Agreement at great length and in great detail, and the Trustee believes that the Settlement Agreement provides a significant benefit to the Debtors' bankruptcy estate.

13.  The Trustee has not employed James Bickerton of Bickerton Lee Dang & Sullivan, LLLP to act as counsel for the bankruptcy estates. James Bickerton is still listed as Plaintiff's attorneys in the Hawaii litigation, but has moved to withdraw as counsel as to the bankruptcy estate's entities. A hearing on his motion to withdraw is set for February 3, 2014 before Judge Strance.

## II. LEGAL ANALYSIS

A debtor's pre-bankruptcy legal and equitable rights are property of the debtor's bankruptcy estate. See 11 U.S.C. § 541. To that end, a bankruptcy trustee has the right to collect the debtor's assets that are held by another party. See 11 U.S.C. § 542. In pursuing a debtor's pre-petition claims, the automatic stay of Bankruptcy Code Section 362 is not

applicable to offensive actions by the bankruptcy trustee. See Gordon v. Whitmore (In re Merrick), 175 B.R. 333, 336 (B.A.P. 9th Cir. 1994).

Where the Settlement Agreement is a pre-petition agreement with the Debtors, the Remaining Settlement Funds must be turned over to the Trustee on behalf of the Debtors' bankruptcy estate. Prior to the Debtors' bankruptcy filings, the parties entered into the Settlement Agreement and Carlsmith began performing under the Settlement Agreement, notably, by paying-out $100,000. Now, the Remaining Settlement Funds are a receivable owed to the Debtors' bankruptcy estate and are subject to turnover to the Trustee.

In what appears to be an attempt to thwart the Trustee's efforts to administer the Remaining Settlement Funds, Carlsmith has attempted to enforce conditions to the Trustee receiving the funds. To resolve any ambiguity on the issue and to allow the Remaining Settlement Funds to be paid into the Debtors' bankruptcy estate, the Trustee requests that this Court enter an order authorizing Judge Strance to proceed in reviewing the Settlement Agreement in connection with the Hawaii Litigation. Since the parties entered into the Settlement Agreement prior to the Debtors' bankruptcy filing, the Trustee is not settling any of the Debtors' claims pursuant to Bankruptcy Rule 9019. Indeed, the Trustee was not a party to the Settlement Agreement, but rather, is working to enforce its collectability in the Hawaii State Court for the benefit of the Debtors' bankruptcy estate.

In the event that the Hawaii State Court determines that the Settlement Agreement is a good faith settlement pursuant to Hawaii Act 300, Carlsmith should turnover the Remaining Settlement Funds to the Trustee. The Trustee legitimately fears that if the Remaining Settlement Funds are not transferred to the Trustee, The Winget Law Firm may attempt to setoff some amount allegedly owed to it by the Debtors for a pre-petition debt. Undoubtedly, allowing the Remaining Settlement Funds (which the Trustee asserts are wholly estate property) to be administered by a third-party law firm will only serve to add uncertainty, delay, and administrative costs to this matter. In the event that an outside party asserts an interest or right to a portion of the Remaining Settlement Funds, that matter can be properly adjudicated by this Court.

**WHEREFORE**, the Trustee requests that this Court enter an order:

  (i)  authorizing the Hawaii State Court to proceed in determining whether the Settlement Agreement is a good faith settlement pursuant to Hawaii Act 300; and

  (ii)  directing that where the Hawaii State Court determines that the Settlement Agreement is a good faith settlement pursuant to Hawaii Act 300, payment of the Remaining Settlement Funds must be made directly from Carlsmith to the Trustee.

DATED: December 6, 2013.

                **ALLEN, SALA & BAYNE, PLC**

                */s/ DMMB #20368*
                Dawn M. Maguire-Bayne
                Michael A. Jones
                1850 N. Central Ave., Suite 1150
                Phoenix, Arizona 85004
                Attorneys for Constantino Flores, Chapter 7 Trustee

COPY of the foregoing electronically delivered
on December 6, 2013 to:

Christopher J. Pattock
United States Trustee
230 North First Avenue, Ste 204
Phoenix AZ 85003-1706

Constantino Flores
P.O. Box 511
Phoenix, AZ 85001-0511
*Chapter 7 Trustee*

James E. Brown
JAMES E. BROWN, P.C.
2111 E. Highland Ave., Suite 145
Phoenix, AZ 85016
Email: jim@aztaxlaw.com
*Attorneys for Debtor*

///

///

///

| | |
|---|---|
| 1 | Carolyn J. Johnsen<br>JENNINGS STROUSS & SALMON PLC |
| 2 | One E. Washington Street, Suite 1900<br>Phoenix, AZ 85004-2554 |
| 3 | Email: cjjohnsen@jsslaw.com |
| 4 | *Counsel for Suzanne W. Brown, Trustee of the Suzanne W. Brown Revocable Trust dated January 4, 1989, Roger A. Brown, Trustee of the Roger A. Brown Revocable Trust dated December 19, 1980* |
| 5 | |
| 6 | G. Gregory Eagleburger<br>SANDERS & PARKS, P.C. |
| 7 | 3030 N. 3rd Street, Suite 1300<br>Phoenix, AZ 85012-3099 |
| | Email: greg.eagleburger@sanderssparks.com |
| 8 | *Attorneys for Robert E. Randol, Margaret Randol, Randol Consulting Co.* |
| 9 | Joseph D. Dorsey<br>TIFFANY & BOSCO, PA |
| 10 | 2525 E. Camelback Road, 3rd Floor<br>Phoenix, AZ 85016-4237 |
| 11 | Email: jdd@tblaw.com |
| | *Attorneys for Madison Development Company, LLC* |
| 12 | |
| 13 | James J. Bickerton<br>BICKERTON LEE DANG & SULLIVAN, LLLP |
| | Topa Financial Center, Fort Street Tower |
| 14 | 745 Fort Street, Suite 801<br>Honolulu, HI 96813 |
| 15 | Email: bickerton@bsds.com |
| 16 | Michele Luke<br>KESSNER UMEBAYASHI BAIN & MATSUNAGA |
| 17 | 220 S. King Street, Suite 1900<br>Honolulu, HI 96813 |
| 18 | Email: mluke@kdubm.com |
| 19 | Jeffrey F. Kagan<br>WINGET, SPADAFORA & SCHWARTZBERG, LLP |
| 20 | 1900 Avenue of the Stars, Suite 450<br>Los Angeles, CA 90067 |
| 21 | Email: kagan.j@wssllp.com |
| 22 | Joachim P. Cox<br>COX FRICKE LLP |
| 23 | Three Waterfront Plaza, Suite 499 |
| | 500 Ala Moana Boulevard |
| 24 | Honolulu, HI 96813<br>Email: jcox@cfhawaii.com |
| 25 | |
| 26 | Andrew V. Beaman<br>CHUN KERR LLP |
| | Fort Street Tower, Topa Financial Center |
| 27 | 745 Fort Street, 9th Floor<br>Honolulu, HI 96813-3815 |
| 28 | Email: ABeaman@chunkerr.com |

| | |
|---|---|
| 1 | Scott A. Lieske<br>3838 N. Central Ave., Suite 800 |
| 2 | Phoenix, AZ 85012<br>*Attorney for Russell A. Brown, Chapter 13 Trustee* |
| 3 | Email: slieske@ch13bk.com |
| 4 | Kevin J Rattay<br>KEVIN J RATTAY PLC |
| 5 | 5450 E. High St., Suite 300<br>Phoenix, AZ 85054 |
| 6 | Email: kjr@rattaylaw.com |
| 7 | Dorsey H. Lynch Inc./DHLI<br>6418 N. 30th Way |
| 8 | Phoenix, AZ 85016<br>Email: saguarosam@gmail.com |
| 9 | |
| 10 | COPY of the foregoing mailed on<br>December 6, 2013 to: |
| 11 | Hammerhead Development, LLC<br>Kukio Lot #29 Building Development, LLC |
| 12 | c/o 1050 Investments Inc.<br>Dorsey Lynch, Manager |
| 13 | 6418 N. 30th Way<br>Phoenix, AZ 85016 |
| 14 | *Debtors* |
| 15 | Tiger Shark Development, LLC<br>5715 N. Invergordon Rd. |
| 16 | Paradise Valley, AZ 85253 |
| 17 | Tiger Shark Development, LLC<br>c/o The Corporation Company, Inc. |
| 18 | 1136 Union Mall, Suite 301<br>Honolulu, HI 96813 |
| 19 | |
| 20 | Manata Ray Development, LLC<br>5715 N. Invergordon Rd.<br>Paradise Valley, AZ 85253 |
| 21 | |
| 22 | Manata Ray Development, LLC<br>c/o The Corporation Company, Inc. |
| 23 | 1136 Union Mall, Suite 301<br>Honolulu, HI 96813 |
| 24 | 1050 Investments, Inc.<br>6418 N. 30th Way |
| 25 | Phoenix, AZ 85016 |
| 26 | /// |
| 27 | /// |
| 28 | /// |

| | |
|---|---|
| 1 | Roger A. Brown, Trustee<br>Suzanne A. Brown, Trustee |
| 2 | c/o Stephen A. Jones<br>707 Richards Street, Suite 700 |
| 3 | Honolulu, HI 96813 |
| 4 | All parties on the Debtors' Master Mailing List |
| 5 | */s/ Monica J. Baca* |