Brandon S. Reif (SBN 214706)
reif.b@wssllp.com
Jeffrey F. Kagan (SBN 193240)
kagan.j@wssllp.com
**WINGET SPADAFORA & SCHWARTZBERG LLP**
1900 Avenue of the Stars, Suite 450
Los Angeles, CA 90067
Telephone: 310.836.4800
Facsimile: 310.836.4801

Attorneys for
WINGET SPADAFORA & SCHWARTZBERG LLP

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>HAMMERHEAD DEVELOPMENT, LLC;<br>KUKIO LOT #29 BUILDING<br>DEVELOPMENT, LLC,<br><br>Debtors. | Chapter 7<br><br>Case No. 2:13-bk-07373-GBN<br><br>**OBJECTION AND REQUEST FOR HEARING BY NON-PARTY WINGET SPADAFORA & SCHWARTZBERG LLP TO CHAPTER 7 TRUSTEE CONSTANTINO FLORES'S MOTION FOR ORDER REGARDING PROCEDURE FOR TURNOVER** |

WINGET SPADAFORA & SCHWARTZBERG LLP ("WSS") hereby objects to the portion of the Motion for Order Regarding Procedure for Turnover ("Motion") filed by Constantino Flores, the Chapter 7 Trustee appointed for the above-referenced case ("Trustee"), seeking to direct payment of the Remaining Settlement Funds[1] to the Trustee. WSS also hereby requests a hearing with the United States Bankruptcy Court for the District of Arizona, prior to the scheduled January 22, 2014 hearing on the Motion for Good Faith Settlement in Hawaii, and

---

[1] All capitalized terms not specifically defined herein share the definitions set forth in the Trustee's Motion.

1

OBJECTION AND REQUEST FOR HEARING BY NON-PARTY WINGET SPADAFORA &
SCHWARTZBERG LLP TO CHAPTER 7 TRUSTEE'S MOTION FOR ORDER REGARDING
PROCEDURE FOR TURNOVER

an accompanying briefing schedule, to determine the proper recipient of payment of the Remaining Settlement Funds.

## I. THERE ARE FIVE NON-DEBTOR PARTIES TO THE SETTLEMENT AGREEMENT WHOSE RIGHTS TO THE REMAINING SETTLEMENT FUNDS ARE BEING INFRINGED UPON BY THE TRUSTEE

WSS first objects to the Trustee's overreaching and unsupported[2] argument that the Debtors' bankruptcy estate holds the right to all of the $150,000 in Remaining Settlement Funds from Carlsmith pursuant to the Settlement Agreement. (*See*, Motion, ¶ 5.) The Settlement Agreement was entered into between Carlsmith on the one hand, and nine other entities on the other hand. Those nine entities are: (1) Dorsey H. Lynch (individually); (2) Dorsey H. Lynch, Inc.; (3) Manta Ray, LLC; (4) Tiger Shark, LLC; (5) Hammerhead Development, LLC; (6) Sego Development, LLC; (7) Kukio Lot #13 Building Development, LLC; (8) Kukio Lot #29 Building Development, LLC; and (9) 1050 Investments, LLC (collectively, the "Hawaii Plaintiffs"). Of the nine Hawaii Plaintiffs, two are subject to the Trustee's powers in this action: Hammerhead Development, LLC ("Hammerhead") and Kukio Lot #29 Building Development, LLC ("Kukio 29"). Another two of the Hawaii Plaintiffs are debtors in separate, recently-consolidated actions before this Court: Sego Development, LLC ("Sego") (Case No. 2:13-bk-07375-EPB) and Kukio Lot #13 Building Development, LLC ("Kukio 13") (Case No. 2:13-bk-07382-SSC). Therefore, five of the nine Hawaii Plaintiffs that entered into the Settlement Agreement are not debtors in any pending Chapter 7 bankruptcy action before this Court. The Trustee therefore has no right to any portion of the Remaining Settlement Funds which are to be distributed to those five non-debtor Hawaii Plaintiffs.

---

[2] Interestingly, the Trustee's Motion provides no declaration based on his, or others', personal knowledge regarding the terms of the Settlement Agreement (which is confidential), the payment of funds from the Settlement Agreement, or any other "facts" set forth therein. For this reason alone, the Trustee's Motion should be disregarded in its entirety as it is not supported by any admissible evidence. Notwithstanding this, certain of the "facts" set forth by the Trustee are incorrect, as explained herein.

2
OBJECTION AND REQUEST FOR HEARING BY NON-PARTY WINGET SPADAFORA & SCHWARTZBERG GIBN TO CHAPTER 7 TRUSTEE'S MOTION FOR ORDER REGARDING PROCEDURE FOR TURNOVER

Case 2:13-bk-07375-GBN  Doc 60  Filed 12/23/13  Entered 12/23/13 14:02:49  Desc
Main Document    Page 2 of 9

For these reasons, the Remaining Settlement Funds must not be turned over to the Trustee. Rather, an evidentiary hearing must take place to determine how the <u>entire</u> amount of settlement funds (totaling $250,000) shall be distributed to the nine Hawaii Plaintiffs. In fact, according to the Trustee's Motion, the four Chapter 7 debtors that signed the Settlement Agreement – Hammerhead, Kukio 13, Kukio 29, and Sego – each received $25,000 from the original $250,000 settlement amount. (*See*, Motion, ¶¶ 6-7 and fn. 1.) If this $100,000 in total distributions to the four Chapter 7 debtors fully compensates them for their portion of the entire settlement funds, then the Trustee most certainly has no right whatsoever to any portion of the $150,000 in Remaining Settlement Funds. Instead, all of it would belong to the non-debtor Hawaii Plaintiffs and as such, upon the anticipated granting of the Motion for Good Faith Settlement set for January 22, 2014 in Hawaii, Carlsmith should be permitted to comply with the terms of the Settlement Agreement and forward the Remaining Settlement Funds to WSS.

## II. <u>THE TRANSFER OF THE REMAINING SETTLEMENT FUNDS TO WSS HAS ALREADY OCCURRED, AND ANY ATTEMPT TO AVOID THE TRANSFER AS PREFERENTIAL WOULD FAIL</u>

The Settlement Agreement at issue was entered into on March 15, 2013. Pursuant to the Settlement Agreement, the Remaining Settlement Funds shall be transferred to WSS pending a determination by the Hawaii Court that the settlement is in good faith. (*See*, Motion, ¶¶ 8, 11.) At or around the time the Settlement Agreement was executed, Dorsey Lynch, on behalf of each of the Hawaii Plaintiffs, assigned the right to the Remaining Settlement Funds to WSS as payment for WSS's attorney's fees in representing Mr. Lynch and his various entities in the Hawaii Litigation.[3] The execution of the Settlement Agreement and the assignment of the Remaining Settlement Funds by the Hawaii Plaintiffs to WSS occurred prior to the first bankruptcy filings at issue, which took place on May 2, 2013. (*See*, Motion, ¶¶ 1-2.)

---

[3] Mr. Lynch's assignment to WSS was made during the course of ongoing attorney-client communications and is therefore privileged and confidential. WSS is willing to submit evidence to this Court, under seal and without waiving any privilege, reflecting the existence of this assignment.

3
OBJECTION AND REQUEST FOR HEARING BY NON-PARTY WINGET SPADAFORA & SCHWARTZBERG LLP TO CHAPTER 7 TRUSTEE'S MOTION FOR ORDER REGARDING PROCEDURE FOR TURNOVER

Case 2:13-bk-0787S-GBN Doc 60 Filed 12/23/13 Entered 12/23/13 14:02:49 Desc Main Document Page 3 of 9

The Trustee's Motion seeks to thwart Carlsmith's attempt to "transfer" the Remaining Settlement Funds to WSS. In actuality, the only "transfer" relevant for purposes of this action is the pre-petition assignment of the rights to the Remaining Settlement Funds from the Hawaii Plaintiffs to WSS. Indeed, the term "transfer" is broadly defined to include "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or an interest in property." 11 U.S.C. § 101(54)(D). Congress intended "transfer" to be construed as broadly as possible. *In re FBN Food Serv., Inc.*, 175 B.R. 671, 683 (Bankr. N.D. Ill. 1994). *See also, In re Tonyan Constr. Co.*, 28 B.R. 714, 728 (Bankr. N.D. Ill. 1983) ("transfer" includes "every method of disposing of or parting with an interest in property"). Thus, the Hawaii Plaintiffs (the debtors and the non-debtors) had no rights to the Remaining Settlement Funds at the time of the bankruptcy filings.

Given that WSS's rights to the Remaining Settlement Funds arise out of a pre-petition transfer, the Trustee could have, but did not, seek to avoid this transfer by filing an adversary action against WSS. However, the Trustee cannot attempt to collect the Remaining Settlement Funds based solely on this Motion, which is premised on the faulty proposition that the Remaining Settlement Funds are "wholly estate property" (as discussed above, they are not).

It is worth noting that even if the Trustee had elected to file an adversary action against WSS to avoid the transfer of the Remaining Settlement Funds as preferential under 11 U.S.C. § 547(b) (since the transfer occurred within 90 days of the bankruptcy filings), WSS would have nonetheless had at least two colorable defenses to any such claim. First, pursuant to 11 U.S.C. § 547(c)(2), the Hawaii Plaintiffs' assignment of the Remaining Settlement Funds to WSS "was on account of a debt incurred in the ordinary course of business… of the debtor and transferee," and also "made in the ordinary course of business" or "made according to ordinary business terms." Indeed, the "ordinary course of business" as between WSS and the Hawaii Plaintiffs was that WSS would render legal services to the Hawaii Plaintiffs in exchange for payment for said services, and it is undoubtedly an "ordinary business term" for a law firm to accept its payment in the form of a percentage of a settlement amount.

Second, pursuant to 11 U.S.C. § 547(c)(4), WSS gave the Hawaii Plaintiffs "new value" in the form of continued legal representation of the Hawaii Plaintiffs after the assignment of the Remaining Settlement Funds to WSS. This "new value" is unsecured and remains unpaid. Thus, to the extent that the Remaining Settlement Funds owed to WSS are subject to avoidance as preferential, WSS would have a right to offset this preference on account of its subsequent advance of "new value" to the Hawaii Plaintiffs[4]. In any event, these defenses are not before this Court now, and will not be until (or unless) the Trustee files an action to avoid any such preferential transfer. For the moment, the Trustee's Motion fails, and as such, this Court should deny him the relief he seeks.

## III. CONCLUSION

For the reasons set forth above, and for those that may be presented at the time of the hearing should this Court so order, WSS respectfully requests that this Court deny the Trustee's Motion for Order Regarding Procedure for Turnover or, in the alternative, schedule a hearing and briefing schedule so that this matter can be adjudicated on the merits.

WINGET SPADAFORA & SCHWARTZBERG LLP

Dated: December 23, 2013    By: _____
Brandon S. Reif
Jeffrey F. Kagan
1900 Avenue of the Stars, Suite 450
Los Angeles, CA 90067
Tel: 310.836.4800
Fax: 310.836.4801

Attorneys for
WINGET SPADAFORA & SCHWARTZBERG LLP

---

[4] To the extent the Trustee can avoid the transfer of the Remaining Settlement Funds to WSS as preferential, notwithstanding WSS's good faith defenses thereto, WSS would submit an administrative expense claim to ensure that it receives first priority for its post-petition attorneys' fees under 11 U.S.C. § 503, *et seq.*

5
OBJECTION AND REQUEST FOR HEARING BY NON-PARTY WINGET SPADAFORA & SCHWARTZBERG LLP TO CHAPTER 7 TRUSTEE'S MOTION FOR ORDER REGARDING PROCEDURE FOR TURNOVER

Case 2:13-bk-07373-GBN    Doc 60    Filed 12/23/13    Entered 12/23/13 14:02:49    Desc
Main Document    Page 5 of 9

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is the office of Winget Spadafora & Schwartzberg LLP, located at 1900 Avenue of the Stars, Suite 450, Los Angeles, CA 90067. On December 23, 2013, I served the following document(s) by the method indicated below:

**OBJECTION AND REQUEST FOR HEARING BY NON-PARTY WINGET, SPADAFORA & SCHWARTZBERG LLP TO CHAPTER 7 TRUSTEE CONSTANTINO FLORES'S MOTION FOR ORDER REGARDING PROCEDURE FOR TURNOVER**

☒ **[where indicated]** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☒ **[where indicated]** by email transmission pursuant to the mandatory CM/ECF system.

☐ I transmitted via facsimile the document to the party at their fax number listed below. The transmission was reported as complete and without error.

☐ I enclosed the document in an envelope or package provided by an overnight delivery carrier and addressed to the party at the address listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier to receive documents, with delivery fees paid.

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury that the above is true and correct. Executed on December 23, 2013 at Los Angeles, California.

By: _____
Sarah Lee

## SERVICE LIST

| | |
|---|---|
| Dawn M. Maguire-Bayne<br>Michael A. Jones<br>ALLEN, SALA & BAYNE, PLC<br>1850 N. Central Ave., Suite 1150<br>Phoenix, AZ 85004<br>dbayne@asbazlaw.com<br>mjones@asbazlaw.com<br>*Attorneys for Constantino Flores, Chapter 7 Trustee*<br>**Via ECF and U.S. Mail** | Christopher J. Pattock<br>United States Trustee<br>230 North First Avenue, Suite 204<br>Phoenix, AZ 85003-1706<br>**Via U.S. Mail** |
| Constantino Flores<br>P.O. Box 511<br>Phoenix, AZ 85001-0511<br>*Chapter 7 Trustee*<br>**Via U.S. Mail** | James E. Brown<br>JAMES E. BROWN, P.C.<br>2111 E. Highland Ave., Suite 145<br>Phoenix, AZ 85016<br>jim@aztaxlaw.com<br>*Attorneys for Debtor*<br>**Via ECF and U.S. Mail** |
| Carolyn J. Johnsen<br>JENNINGS STROUSS & SALMON, PLC<br>One E. Washington Street, Suite 1900<br>Phoenix, AZ 85004-2554<br>cjjohnsen@jsslaw.com<br>*Counsel for Suzanne W. Brown, Trustee of the Suzanne W. Brown Revocable Trust dated January 4, 1989, Roger A. Brown, Trustee of the Roger A. Brown Revocable Trust dated December 19, 1980*<br>**Via ECF and U.S. Mail** | G. Gregory Eagleburger<br>SANDERS & PARKS, P.C.<br>3030 N. 3rd Street, Suite 1300<br>Phoeniz, AZ 85012-3099<br>Greg.eagleburger@sandersparks.com<br>*Attorneys for Robert E. Randol, Margaret Randol, Randol Consulting Co.*<br>**Via ECF and U.S. Mail** |
| Joseph D. Dorsey<br>TIFFANY & BOSCO, PA<br>2525 E. Camelback Road, 3rd Floor<br>Phoenix, AZ 85016-4237<br>jdd@tblaw.com<br>*Attorneys for Madison Development Company, LLC*<br>**Via ECF and U.S. Mail** | James J. Bickerton<br>BICKERTON LEE DANG & SULLIVAN, LLP<br>Topa Financial Center, Fort Street Tower<br>745 Fort Street, Suite 801<br>Honolulu, HI 96813<br>bickerton@bsds.com<br>**Via U.S. Mail** |

| | |
|---|---|
| Michele Luke<br>KESSNER UMEBAYASHI BAIN &<br>MATSUNAGA<br>220 S. King Street, Suite 1900<br>Honolulu, HI 96813<br>mluke@kdubm.com<br>**Via U.S. Mail** | Joachim P. Cox<br>COX FRICKE LLP<br>Three Waterfront Plaza, Suite 499<br>500 Ala Moana Blvd.<br>Honolulu, HI 96813<br>jcox@cfhawaii.com<br>**Via U.S. Mail** |
| Andrew V. Beaman<br>Chun Kerr LLP<br>Fort Street Tower, Topa Financial Center<br>745 Fort Street, 9th Floor<br>Honolulu, HI 96813-3814<br>abeaman@chunkerr.com<br>*Attorneys for Russell A. Brown, Chapter 13 Trustee*<br>**Via U.S. Mail** | Scott A. Lieske<br>3838 N. Central Ave., Suite 800<br>Phoenix, AZ 85012<br>slieske@ch13bk.com<br>*Attorneys for Russell A. Brown, Chapter 13 Trustee*<br>**Via U.S. Mail** |
| Kevin J. Rattay<br>KEVIN J RATTAY PLC<br>5450 E. High St., Suite 300<br>Phoenix, AZ 85054<br>kjr@rattaylaw.com<br>**Via U.S. Mail** | Dorsey H. Lynch Inc./DHLI<br>6418 N. 30th Way<br>Phoenix, AZ 85016<br>saguarosam@gmail.com<br>**Via U.S. Mail** |
| Hammerhead Development, LLC<br>Kukio Lot #29 Building Development, LLC<br>c/o 1050 Investments, Inc.<br>Dorsey Lynch, Manager<br>6418 N. 30th Way<br>Phoenix, AZ 85016<br>*Debtors*<br>**Via U.S. Mail** | Tiger Shark Development, LLC<br>5715 N. Invergordon Rd.<br>Paradise Valley, AZ 85253<br>**Via U.S. Mail** |
| Tiger Shark Development LLC<br>c/o The Corporation Company, Inc.<br>1136 Union Mall, Suite 301<br>Honolulu, HI 96813<br>**Via U.S. Mail** | Manata Ray Development, LLC<br>5715 N. Invergordon Rd.<br>Paradise Valley, AZ 85253<br>**Via U.S. Mail** |

| | |
|---|---|
| Manata Ray Development, LLC<br>c/o The Corporation Company, Inc.<br>1136 Union Mall, Suite 301<br>Honolulu, HI 96813<br>**Via U.S. Mail** | 1050 Investments, Inc.<br>6418 N. 30th Way<br>Phoenix, AZ 85016<br>**Via U.S. Mail** |
| Roger A. Brown, Trustee<br>Suzanne A. Brown Trustee<br>c/o Stephen A. Jones<br>707 Richards Street, Suite 700<br>Honolulu, HI 96813<br>**Via U.S. Mail** | Ryan M. Hicks<br>JONES, SKELTON & HOCHULI, P.L.C.<br>2901 N. Central Avenue, Suite 800<br>Phoenix, AZ 85012<br>rhicks@jshfirm.com<br>*Attorneys for Trustee*<br>**VIA ECF and U.S. Mail** |

- 4 -
PROOF OF SERVICE