Dawn M. Maguire-Bayne, State Bar #20368
Michael A. Jones, State Bar #27311
**ALLEN, SALA & BAYNE, PLC**
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Ofc: (602) 256-6000
Fax: (602) 252-4712
Email: dbayne@asbazlaw.com
       mjones@asbazlaw.com

Attorneys for Constantino Flores, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>HAMMERHEAD DEVELOPMENT, LLC;<br>KUKIO LOT #29 BUILDING<br>DEVELOPMENT, LLC,<br><br>Debtors. | Chapter 7<br><br>Case No. 2:13-bk-07373-GBN<br>(Consolidated) |
| This Filing Applies to:<br>■    All Debtors<br>☐    Specified Debtors | **MOTION TO STRIKE AND REPLY TO: OBJECTION AND REQUEST FOR HEARING BY NON-PARTY WINGET SPADAFORA & SCHWARTZBERG LLP TO CHAPTER 7 TRUSTEE CONSTANTINO FLORES'S MOTION FOR ORDER REGARDING PROCEDURE FOR TURNOVER** |

Constantino Flores, the Chapter 7 Trustee appointed in the above-referenced case ("**Trustee**"), by and through his undersigned counsel, hereby requests that this Court enter an order striking the Objection ("**Objection**") (Dkt. #60) filed by Winget Spadafora & Schwartzberg LLP ("**Winget**") to the *Motion for Order Regarding Procedure for Turnover* ("**Motion for Procedure**") (Dkt. #57), and replies to the merits of the Objection. At the outset, counsel for Winget are not members of the bar of the United State District Court for the District of Arizona. Moreover, Winget's counsel have not requested to appear *pro hac vice*, Winget has not retained local counsel, and accordingly, Winget's counsel are not permitted to appear before this court, and the Objection should not be considered.

On its merits, the Objection should be overruled where the Hawaii State Court[1] cannot even proceed to make its statutory determination of good faith regarding the Debtors' pre-petition settlement agreement without an order from this Court allowing it to proceed. Further and as explained in more detail herein, the alleged nine parties that entered into the Settlement Agreement are all substantially before this Court. In short, no good reason exists for the Hawaii State Court to sit in limbo while Carlsmith continues to hold the Remaining Settlement Funds, consisting of $150,000 that should be administered for the benefit of the Debtors' bankruptcy estates. To allow this matter to proceed forward and in the best interest of the parties to the Settlement Agreement and creditors to the Debtors' estates, the Court should grant the relief requested in the Motion for Procedure. The Motion to Strike and Reply are supported by the following Memorandum of Points and Authorities.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I. RELEVANT FACTUAL BACKGROUND**

1. On May 2, 2013, Hammerhead commenced this case by filing a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Arizona, thereby commencing Case No. 2:13-bk-07373-GBN.

2. On May 2, 2013, Kukio 29 filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Arizona, thereby commencing Case No. 2:13-bk-07378-SSC.

3. On June 21, 2013, this Court entered an order consolidating the Debtors' bankruptcy cases. See Dkt. #37.

4. Constantino Flores is the duly appointed and acting Trustee in the Debtors' bankruptcy case.

5. Pursuant to both of the Debtors' Schedules, the Debtors' bankruptcy estate holds

---

[1] Unless otherwise noted herein, capitalized terms shall retain the meaning attributed to them in the Motion for Procedure.

1  the right to the Remaining Settlement Funds from Carlsmith in the amount of $150,000 for the
2  pre-petition confidential Settlement Agreement relating to the Hawaii Litigation.

3        6.     Carlsmith has not turned over to the Trustee the Remaining Settlement Funds
4  owed to the Debtors under the Settlement Agreement. According to Carlsmith, for it to
5  distribute the Remaining Settlement Funds, it must have an order from the Hawaii State Court
6  approving the Settlement Agreement as a good faith settlement under Hawaii Act 300.

7        7.     At the status conference on November 25, 2013 in the Hawaii Litigation, Judge
8  Strance requested a comfort order from the Bankruptcy Court authorizing her to determine
9  whether the Settlement Agreement (which has been provided to the Hawaii Court) is in fact a
10 good faith settlement.

11       8.     According to Winget, there are nine parties that entered into the Settlement
12 Agreement with Carlsmith. See Objection, at p. 2. Of these, four of the parties are debtors in
13 bankruptcy cases being administered before this Court by this Trustee. The fifth party, Dorsey
14 H. Lynch, is a Chapter 13 debtor in a case before this Court, case no. 2:13-bk-10897. In that
15 regard, the Trustee is informed and believes that Mr. Lynch holds the primary ownership
16 interests in the remaining four parties to the Settlement Agreement with Carlsmith, specifically:
17 (1) Dorsey H. Lynch, Inc.; (2) Manta Ray, LLC; (3) Tiger Shark, LLC; and (4) 1050
18 Investments. See Mr. Lynch's Bankruptcy Schedule "B", attached hereto as **Exhibit "A"**.

19       9.     At the outset of the Debtors' bankruptcy cases, the Trustee informed Winget that
20 it was not employed by the Debtors' bankruptcy estates and should not take any action on
21 behalf of the Debtors.

22       10.    Winget has not provided the Trustee with any documents or information
23 evidencing that it has any assignment agreement providing Winget with the right to the
24 Remaining Settlement Funds.[2] Additionally, the Confidential Settlement Agreement does not

---

[2] Winget's Objection heavily focuses on whether its purported assignment of the Remaining Settlement Funds is avoidable as a preference. Where this issue is not before the Court pursuant to the Trustee's Motion for Procedure and where he has not been provided with information regarding this alleged assignment, the Trustee does not address this issue herein and reserves all rights regarding the alleged assignment.

1 provide an assignment provision.

2     11.    From a review of the Objection and the State Bar of Arizona's list of attorneys admitted to the Arizona State Bar, Winget's attorneys that filed the Objection are not licensed to practice in Arizona or before this Court.

## II. LEGAL ANALYSIS

### A. MOTION TO STRIKE

In the District of Arizona, an attorney who is not a member of the bar for this district, but is a member of another U.S. District Court, must seek an order from this Court permitting the attorney to appear and participate in a case before this Court. See Local R. Bankr. P. § 2090-1(c). Additionally, such attorney is required to designate local counsel currently residing in Arizona with whom the Court and opposing counsel may readily communicate regarding the conduct of the case. See id.

In this case, where Winget has disregarded the Court's Rules of Procedure, the Objection should be struck from the Court's record. Indeed, Winget (a sophisticated law firm) has used its California-licensed attorneys to represent it in filing the Objection without seeking *pro hac vice* admission for the attorneys, without retaining local counsel, and without filing any notice of appearance. Notably, Winget's attorneys (who are not permitted to appear in this Court) have even requested a briefing schedule and an evidentiary hearing on the Motion for Procedure and Objection. In light of its disregard for this Court's Rules and inability to pursue the Objection as-filed, the Objection should be struck from the Court's record.

### B. REPLY

The Trustee's requests in the Motion for Procedure are simple: allow the Hawaii State Court to proceed with the final statutory approval of the Settlement Agreement, and allow the Trustee to hold the Remaining Settlement Funds so that the Trustee may protect the estates' interests in the $150,000 while this Court considers any other asserted claims to the funds. See 11 U.S.C. § 542. Here, Winget's Objection only serves to demonstrate the importance of this Court bringing sanity to this situation. Justifying the Trustee's fear expressed in the Motion for Procedure, Winget is attempting to strong-arm Carlsmith into transferring the Remaining

Settlement Funds to Winget so that it may setoff alleged amounts owed by the Debtors for a pre-petition debt. <u>See</u> Motion for Procedure at p. 4; Objection at p. 3. Yet, Winget has not provided any documents to the Trustee to demonstrate why it has an alleged assignment right to the Remaining Settlement Funds. Additionally, Winget has not addressed why Carlsmith should continue to hold the Settlement Funds rather than the Trustee. This is especially nonsensical where Winget proposes extensive briefing and an evidentiary hearing before this Court to determine ownership of the Remaining Settlement Funds.

Put simply, where there are alleged competing claims for the Remaining Settlement Funds (for which the Debtors' estates assert ownership), the Remaining Settlement Funds should transfer to and be held by the Trustee. Allowing the funds to indefinitely remain with Carlsmith greatly increases the likelihood of the funds being wasted or of parties attempting dual-jurisdiction litigation over ownership for the Remaining Settlement Funds. Notably, by the numerous bankruptcy filings, the parties to the Settlement Agreement are almost entirely before this Court, and any litigation regarding the Remaining Settlement Funds should be conducted before this Court.

## IV. <u>CONCLUSION</u>

Prior to considering its merits, the Court should strike the Objection based on Winget's counsels' inability to contest the Motion for Procedure before this Court. <u>See</u> Local R. Bankr. P. § 2090-1(c). In that regard, Winget is a sophisticated law firm and cannot brush-aside the procedural rules governing the requirements to practice law in this jurisdiction. <u>Id.</u> Even if the Court were to consider the Objection, it should be overruled based on the Trustee's statutory right to collect the Debtors' assets. <u>See</u> 11 U.S.C. § 542. The alleged nine parties that entered into the Settlement Agreement are all substantially before this Court through bankruptcy filings, and Winget can bring its alleged claim to the Remaining Settlement Funds to this Court, while the Trustee holds the funds, pending further Court Order, for the protection of all creditors.

**WHEREFORE**, the Trustee requests that this Court enter an order:

  (i)  authorizing the Hawaii State Court to proceed in determining whether the Settlement Agreement is a good faith settlement pursuant to Hawaii Act

| | |
|---|---|
| 1 | 300; and |
| 2 | (ii) directing that where the Hawaii State Court determines that the |
| 3 | Settlement Agreement is a good faith settlement pursuant to Hawaii Act |
| 4 | 300, payment of the Remaining Settlement Funds must be made directly |
| 5 | from Carlsmith to the Trustee. |

DATED: January 6, 2014.

**ALLEN, SALA & BAYNE, PLC**

*/s/ MAJ #27311*
Dawn M. Maguire-Bayne
Michael A. Jones
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Attorneys for Constantino Flores, Chapter 7 Trustee

COPY of the foregoing electronically delivered
on January 6, 2014 to:

Christopher J. Pattock
United States Trustee
230 North First Avenue, Ste 204
Phoenix AZ 85003-1706

Constantino Flores
P.O. Box 511
Phoenix, AZ 85001-0511
*Chapter 7 Trustee*

James E. Brown
JAMES E. BROWN, P.C.
2111 E. Highland Ave., Suite 145
Phoenix, AZ 85016
Email: jim@aztaxlaw.com
*Attorneys for Debtor*

Carolyn J. Johnsen
JENNINGS STROUSS & SALMON PLC
One E. Washington Street, Suite 1900
Phoenix, AZ 85004-2554
Email: cjjohnsen@jsslaw.com
*Counsel for Suzanne W. Brown, Trustee of the Suzanne W. Brown Revocable Trust dated January 4, 1989, Roger A. Brown, Trustee of the Roger A. Brown Revocable Trust dated December 19, 1980*

/ / /

| | |
|---|---|
| 1 | G. Gregory Eagleburger<br>SANDERS & PARKS, P.C. |
| 2 | 3030 N. 3rd Street, Suite 1300<br>Phoenix, AZ 85012-3099 |
| 3 | Email: greg.eagleburger@sandersparks.com<br>*Attorneys for Robert E. Randol, Margaret Randol, Randol Consulting Co.* |
| 4 | |
| 5 | Joseph D. Dorsey<br>TIFFANY & BOSCO, PA |
| 6 | 2525 E. Camelback Road, 3rd Floor<br>Phoenix, AZ 85016-4237 |
| 7 | Email: jdd@tblaw.com<br>*Attorneys for Madison Development Company, LLC* |
| 8 | James J. Bickerton<br>BICKERTON LEE DANG & SULLIVAN, LLLP |
| 9 | Topa Financial Center, Fort Street Tower<br> 745 Fort Street, Suite 801 |
| 10 | Honolulu, HI 96813<br>Email: bickerton@bsds.com |
| 11 | |
| 12 | Michele Luke<br>KESSNER UMEBAYASHI BAIN & MATSUNAGA |
| 13 | 220 S. King Street, Suite 1900<br>Honolulu, HI 96813 |
| 14 | Email: mluke@kdubm.com |
| 15 | Jeffrey F. Kagan<br>WINGET, SPADAFORA & SCHWARTZBERG, LLP |
| 16 | 1900 Avenue of the Stars, Suite 450<br>Los Angeles, CA 90067 |
| 17 | Email: kagan.j@wssllp.com |
| 18 | Joachim P. Cox<br>COX FRICKE LLP |
| 19 | Three Waterfront Plaza, Suite 499<br>500 Ala Moana Boulevard |
| 20 | Honolulu, HI 96813<br>Email: jcox@cfhawaii.com |
| 21 | Andrew V. Beaman<br>CHUN KERR LLP |
| 22 | Fort Street Tower, Topa Financial Center<br>745 Fort Street, 9th Floor |
| 23 | Honolulu, HI 96813-3815<br>Email: ABeaman@chunkerr.com |
| 24 | |
| 25 | Scott A. Lieske<br>3838 N. Central Ave., Suite 800<br>Phoenix, AZ 85012 |
| 26 | *Attorney for Russell A. Brown, Chapter 13 Trustee*<br>Email: slieske@ch13bk.com |
| 27 | |
| 28 | / / / |

| | |
|---|---|
| 1 | Kevin J Rattay<br>KEVIN J RATTAY PLC |
| 2 | 5450 E. High St., Suite 300<br>Phoenix, AZ 85054 |
| 3 | Email: kjr@rattaylaw.com |
| 4 | Dorsey H. Lynch Inc./DHLI<br>6418 N. 30th Way |
| 5 | Phoenix, AZ 85016<br>Email: saguarosam@gmail.com |
| 6 | |
| 7 | **COPY** of the foregoing mailed on<br>January 6, 2014 to: |
| 8 | Hammerhead Development, LLC<br>Kukio Lot #29 Building Development, LLC |
| 9 | c/o 1050 Investments Inc.<br>Dorsey Lynch, Manager |
| 10 | 6418 N. 30th Way<br>Phoenix, AZ 85016 |
| 11 | *Debtors* |
| 12 | Tiger Shark Development, LLC<br>5715 N. Invergordon Rd. |
| 13 | Paradise Valley, AZ 85253 |
| 14 | Tiger Shark Development, LLC<br>c/o The Corporation Company, Inc. |
| 15 | 1136 Union Mall, Suite 301<br>Honolulu, HI 96813 |
| 16 | |
| 17 | Manata Ray Development, LLC<br>5715 N. Invergordon Rd.<br>Paradise Valley, AZ 85253 |
| 18 | |
| 19 | Manata Ray Development, LLC<br>c/o The Corporation Company, Inc.<br>1136 Union Mall, Suite 301 |
| 20 | Honolulu, HI 96813 |
| 21 | 1050 Investments, Inc.<br>6418 N. 30th Way |
| 22 | Phoenix, AZ 85016 |
| 23 | Roger A. Brown, Trustee<br>Suzanne A. Brown, Trustee |
| 24 | c/o Stephen A. Jones<br>707 Richards Street, Suite 700 |
| 25 | Honolulu, HI 96813 |
| 26 | |
| 27 | */s/ Monica J. Baca* |
| 28 | |